**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Edward GRESHAM, Jr.,
Defendant–Appellant.**

**No. 91–5124.**

United States Court of Appeals,
Fourth Circuit.

Argued April 10, 1992.

Decided May 18, 1992.

---

Joshua R. Treem, Schulman, Treem, Kaminkow & Gilden, P.A., Baltimore, Md., argued (Harry Levy, on brief), for defendant-appellant.

Robert Joseph Seidel, Jr., Asst. U.S. Atty., Norfolk, Va., argued (Richard Cullen, U.S. Atty., on brief) for plaintiff-appellee.

Before WILKINSON and LUTTIG, Circuit Judges, and KIDD, Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

OPINION

LUTTIG, Circuit Judge:

Appellant-defendant Charles Edward Gresham challenges as violative of 18 U.S.C. § 3572 a fine imposed upon him by the United States District Court for the Eastern District of Virginia. Finding no error by the district court, we affirm.

I.

Appellant-defendant Charles Edward Gresham participated in an insurance fraud scheme that culminated in a failed attempt on February 4, 1991, to explode storage tanks filled with sodium hydrosulfide in Norfolk, Virginia. *See generally* J.A. at 35–45. Gresham pled guilty to conspiracy to defraud the United States, 18 U.S.C. § 371, to making unregistered destructive devices, I.R.C. §§ 5841, 5861(d), 5871, and to attempt to damage and destroy property used in interstate commerce by means of fire and explosive materials, 18 U.S.C. § 844(i). *See* J.A. at 33, 176. For these offenses, the sentencing guidelines prescribe punishment of imprisonment from 51 to 63 months and fines from $10,000 to $100,000. *See id.* at 65–66. On September 4, 1991, the United States District Court for the Eastern District of Virginia sentenced Gresham to three concurrent prison terms of 54 months each and three years of supervised release, *see id.* at 177–78, and fined him $80,200 pursuant to U.S.S.G. § 5E1.2(i).[1] *See* J.A. at 179. The fine imposed by the court is the focus of Gresham's appeal.

In imposing its fine under section 5E1.2(i), the district court considered, pursuant to U.S.S.G. § 5E1.2(f), whether Gresham was able to pay the fine and determined that he was "[able] to pay at least a portion of the cost of his incarceration." J.A. at 160.[2] This determination was based

---

**1.** Section 5E1.2(i) provides that a "court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered."

**2.** The requirement that the court impose a fine sufficient to pay the costs of incarceration or supervised release is expressly made subject to the court's discretionary authority to reduce or waive any such fine "[i]f the defendant establishes that ... he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine." U.S.S.G. § 5E1.2(f).

in part on the fact that Gresham co-owns with his wife their personal residence, which is valued at $246,000.[3] The court recognized that Gresham's and his wife's interests in the residence were not severable. *See id.* at 163–69. It concluded, however, that Gresham's interest in the residence should nonetheless be considered in determining whether Gresham should be fined because that interest indisputably represented an asset belonging to Gresham. The court stated:

> [A]t least to the extent that [Gresham] has an interest in [the home], and were it to be sold then those moneys would have to come in to be considered in relation to the cost of his incarceration.... [I] will not do anything to the house in actuality, unless he proposes to sell it to obtain a stake for himself.

*Id.* at 163. The court further explained its reason for considering Gresham's interest in the residence when it actually imposed the fine at the conclusion of the sentencing hearing:

> [T]he Court has determined that the defendant does have assets which can cover a portion of the fine, but only by sacrificing a place of abode for his family. This cannot be done without concurrence of his wife, and this Court is not going to force his wife to do so.
>
> However, [the] Court is going to impose a fine which shall not be required to be paid as a condition of the supervised release.
>
> . . . .
>
> The Court feels that the defendant has sufficient equity in [his home] that should it be sold that he can afford to pay a fine.

The Court imposes a fine of $80,200 to cover the costs of this incarceration.

> That any more fines the defendant is in no position to pay. I am not sure that the defendant is in a position to pay the $80,200 in fines . . . .
>
> However, if that property is sold, the defendant's equity will be applied to that fine. I just want to make that abundantly clear.

*Id.* at 167–69. The court did not make payment of the fine "a condition of supervised release." It did, however, order that the fine "be paid as the costs of confinement if defendant's home is sold and [that the fine] shall be a lien against his interest in the home if the home is sold." *Id.* at 179.[4]

On September 16, 1991, the district court issued an order directing that Gresham's presentence report be amended to include a certified copy of a deed showing that the Greshams held their home as tenants by the entirety. *See id.* at 182. The order stated that "the Court considered during sentencing that the property was held by the entirety, and that the proffered Deed merely clarifies that point." *Id.*

## II.

The sole issue on appeal is whether the district court satisfied the requirements of 18 U.S.C. § 3572 in imposing on Gresham the $80,200 fine to cover a portion of the costs of his imprisonment and supervised release.[5] Gresham argues that this fine was imposed in violation of two separate provisions of section 3572. First, he argues that the district court, by imposing a fine not due on a date certain within five years, violated section 3572(d). Second, he contends that the court failed to under-

---

3. Gresham's presentence report disclosed that his total net worth was $253,500, including $8,000 in liquid assets. *See* J.A. at 107. Gresham and his wife have equity of $166,000 in their home. *See id.* at 53–54, 107–08.

4. The court ordered the United States to docket the judgment with the appropriate register of deeds in Maryland so that its monetary assessments against Gresham "[c]ould be considered

at the time of any sale of the residence." *Id.* at 169; *see also id.* at 179.

5. Gresham does not argue that the fine imposed by the district court exceeded the ranges established in 18 U.S.C. § 3571(b) or U.S.S.G. § 5E1.2(c). Nor does he dispute any aspect of the district court's judgment other than the imposition of a fine to cover part of the costs of his incarceration and supervised release. *See also* note 6 *infra*.

stand the nature of a tenancy by the entirety under Maryland law and, as a consequence, incorrectly assessed his "income, earning capacity, and financial resources" under section 3572(a)(1). We address in turn, and reject, each argument.

## A.

■ Gresham argues first that the district court's fine contravenes section 3572(d) because the court failed to "provide for payment by a date certain" within five years (excluding the period of his incarceration) or to "establish an installment payment schedule" within that time period. Appellant's Br. at 10. This argument is based upon a fundamental misreading of section 3572(d). Section 3572(d) provides as follows:

> A person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.... If the judgment permits other than immediate payment, the period provided for shall not exceed five years, excluding any period served by the defendant as imprisonment for offense.

18 U.S.C. § 3572(d). Section 3572(d) thus does not require that a court "provide[ ] for payment on a date certain or in installments" of any fine imposed under the section. It requires immediate payment of any penalty or fine imposed under the section, "unless[ ] in the interest of justice" the court extends payment by "provid[ing] for payment on a date certain or in installments."

The district court did not find that "in the interest of justice," Gresham's fine should not be due immediately, and Gresham does not contend otherwise. Nor, as Gresham concedes, see Appellant's Br. at 10, did the court "provide[ ] for payment" of the fine "on a date certain or in install-

ments." Therefore, by operation of section 3572(d), Gresham was in fact sentenced to pay his fine immediately. Because the district court judgment did not "permit[ ] other than immediate payment," the five-year limitation on delayed payments or installment payment schedules simply does not apply to the fine imposed by the district court.

Gresham's counsel conceded at oral argument that, given the language of section 3572(d) and the absence of any language in the district court's order providing for payment on a date certain or in installments, Gresham's challenge to the fine must be based on an assumption that the district court intended but failed to permit extended payment of the fine imposed. We are without authority in this context to attempt to divine the intent of the district court. By operation of section 3572(d), a penalty or fine imposed under section 3572(d) is due "immediately" unless the district court provides for payment on a date certain or in installments. Gresham does not even contend that the court provided for payment in installments, and as noted, he concedes that the court also did not provide for payment on a date certain. Accordingly, the fine imposed by the district court was due (even if not collectible) immediately, and therefore the five-year limitation on fines payable by a date certain or in installments was inapplicable.

## B.

■ Gresham also argues that the district court incorrectly credited him with assets that are "not ... available to him and ... may never be available to him in an individual capacity" in assessing his "income, earning capacity, and financial resources" under 18 U.S.C. § 3572(a)(1), as a result of the court's misunderstanding of tenancy by the entirety under Maryland law.[6] Appellant's Br. at 14. Gresham

---

**6.** Section 3572(a) lists seven factors that a court "shall consider" in "determining whether to impose a fine, and the amount, time for payment, and method for payment." Section 3572(a) does not by terms refer to or require an inquiry into the defendant's ability to pay, as opposed to

his "income, earning capacity, and financial resources." The sentencing guidelines provide that the court in its discretion "may impose a lesser fine or waive the fine" upon a showing that the defendant "is not able and ... is not likely to become able to pay all or part of the

notes that under Maryland law, a judgment creditor of one spouse may not reach property held under a tenancy by the entirety, whether or not the property is liquidated, *see, e.g., Arbesman v. Winer*, 298 Md. 282, 468 A.2d 633, 636 (1983), because proceeds from a consensual sale of tenancy by the entirety property continue to be held under that estate, *see Eastern Shore Bldg. & Loan Corp. v. Bank of Somerset*, 253 Md. 525, 253 A.2d 367, 371 (1969).[7] He contends that the district court "apparently believed that the sale of the Gresham home would destroy the tenants by the entireties status and permit the Government to execute its lien upon [his] share of any sale proceeds." Appellant's Br. at 13. We reject this argument.

We do not believe that the district court necessarily misunderstood Maryland law. In support of his assertion to the contrary, Gresham cites the court's statements that it would consider the residence "at least to the extent that he has an interest in it ... were it to be sold," J.A. at 163, and that the imposition of a fine "will not do anything to the house ... unless [Gresham] proposes to sell it to obtain a stake for himself," *id.; see also id.* at 169 ("[I]f that property is sold the defendant's equity will be applied to that fine."). In our view, these statements are not inconsistent with a full and accurate understanding of Maryland law that no individual creditor, including the government, could levy upon Gresham's concurrent interest in the residence or proceeds from its sale absent dissolution of the estate by the entirety.

Gresham's argument is meritless, however, even if we assume that the district court misunderstood the law of tenancy by the entirety. The flaw in the argument is its premise that Gresham's interest in the residence as a tenant by the entirety is not a "financial resource" because the government cannot enforce a judgment lien against the residence unless the Greshams divorce or Gresham is predeceased by his wife. Regardless of whether the United States is now or will ever be entitled to Gresham's interest in proceeds from a liquidation of the residence, Gresham's concurrent interest is a "financial resource" that the court may properly consider under section 3572(a)(1) because it is presently a vested interest with value to him. Gresham may not at the same time enjoy that asset for some purposes, including his right of survivorship, *see, e.g., McManus v. Summers*, 290 Md. 408, 430 A.2d 80 (1981), but deny its value for the limited purpose of evading criminal process. In effect, Gresham would have us invalidate his fine because the government cannot immediately collect the fine. This we decline to do. The government's inability to collect a fine from a defendant because of the defendant's inability to transfer an asset in payment of the fine does not affect the legitimacy of the fine. A legally imposed fine that is due immediately is not rendered illegal merely because it is not collectible immediately.

■ Even if the district court had erroneously considered Gresham's interest in

---

fine." U.S.S.G. § 5E1.2(f). Not even under the guidelines, however, does the court have an "obligation to tailor the fine to the defendant's ability to pay." *United States v. Doyan*, 909 F.2d 412, 415 (10th Cir.1990). In any event, Gresham does not argue that he established an inability to pay for purposes of the guidelines, much less that the district court abused its discretion by failing to reduce or waive his fine. *See id.* at 414–15. And such an argument would be without merit. *See* note 9 *infra.*

7. *See generally Beall v. Beall,* 291 Md. 224, 434 A.2d 1015, 1021 (1981):
   Maryland retains the estate of tenancy by the entirety in its traditional form. By common

law, a conveyance to husband does not make them joint tenants, nor are they tenants in common; they are in the contemplation of the law but one person, and hence they take, not by moieties, but by the entirety. Neither can alienate without the consent of the other, and the survivor takes the whole. Tenancy by the entirety may not be severed by the consent of one of the parties or by their individual judgment creditors during their joint lives; except in the case of absolute divorce, during the lifetime of both tenants their estate may be terminated only by the joint action of both and a conveyance by both to a third person. *Id.* (citations omitted).

the residence, we would sustain its determination to impose the $80,200 fine against Gresham's challenge that the court did not satisfy its obligation to consider the factors enumerated in section 3572(a)(1).[8] The court considered, in addition to the residence, Gresham's earning capacity in determining to impose the fine. The presentence report, the factual findings of which were adopted by the court, *see* J.A. at 181, explained that Gresham had a doctor of philosophy degree, that he had been employed as a college vice-president, and that "he will be able to remain employable" after release from prison. *Id.* at 106–07; *see also id.* at 109 ("[T]he defendant does have occupational skills and earning capacities which are above average...."). The court's consideration of this information adequately satisfied its obligations under section 3572(a)(1).[9] *See United States v. Blackman,* 950 F.2d 420, 425 (7th Cir. 1991).

The judgment of the district court accordingly is affirmed.

AFFIRMED.

---

**8.** Gresham does not challenge the district court's consideration of any of the section 3572(a) factors other than those in subsection (1).

**9.** The court's consideration of this evidence of Gresham's earning capacity also is sufficient to establish that the district court did not abuse its discretion under U.S.S.G. § 5E1.2(f) in imposing the fine. *See* U.S.S.G. § 5E1.2(d)(2) ("[T]he court shall consider ... any evidence presented as to the defendant's ability to pay the fine ... in light of his earning capacity...."); *United States v. Marquez,* 941 F.2d 60, 65 (2d Cir.1991).