14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond R. FERRELL, a/k/a Landon Holbrook, a/k/a Millard A.
Robinson, a/k/a Charles D. Cunningham, a/k/a
Steven Bashwiner, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Raymond R. Ferrell, a/k/a Landon Holbrook, a/k/a Millard A.
Robinson, a/k/a Charles D. Cunningham, a/k/a
Steven Bashwiner, Defendant-Appellant.
 Nos. 93-5496, 93-5499.
United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 8, 1993.
Decided Dec. 23, 1993.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Huntington.
 Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr., Asst. Fed. Public Defender, for appellant.
 Charles T. Miller, United States Attorney, Michael L. Keller, Asst. U.S. Atty., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Raymond R. Ferrell pleaded guilty to one count of possessing counterfeit federal reserve notes in violation of 18 U.S.C. Sec. 472 (1988) and one count of aiding and abetting a scheme to defraud a financial institution in violation of 18 U.S.C.Sec. 2 (1988) and 18 U.S.C.A. Sec. 1344(1) (West Supp.1993), pursuant to indictments returned by federal grand juries sitting in West Virginia and Missouri.[1] He was sentenced to thirty-seven months imprisonment on each count, to run concurrently, and to three-year concurrent terms of supervised release. Additionally, he was ordered to pay $11,512 in restitution, $100 in special assessments, and a total of $2500 in fines, representing a $1250 fine on each count of conviction. He now appeals,[2] challenging the district court's imposition of a fine. We affirm.
 
 
 2
 Ferrell asserts that the district court's decision to impose a fine was not adequately supported by the factual considerations listed in 18 U.S.C.A. Sec. 3572 (West Supp.1993), and further asserts that even if the factual findings had been adequate, the district court abused its discretion in imposing a fine given Ferrell's obligations under the restitution order and his general financial situation. We review de novo the adequacy of factual findings under Sec. 3572, United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989), and review for abuse of discretion the decision to impose a particular fine after making the necessary factual findings. United States v. Gresham, 964 F.2d 1426, 1431 n. 9 (4th Cir.1992).
 
 
 3
 Section 3572 requires consideration of the nature of the offense, the defendant's assets and earning capacity, the loss incurred, the burden a fine would create for the defendant's dependents, the amount of restitution ordered, and other factors, in imposing a fine. Specific factual findings addressing these factors must be made in order to allow for reasoned review on appeal. United States v. Harvey, 885 F.2d 181, 182-83 (4th Cir.1989). However, we apply this requirement with a good measure of common sense; remand is unnecessary if the record as a whole reflects the district court's consideration of the statutory factors, even absent specific mention of those factors. See United States v. Taylor, 984 F.2d 618, 622 (4th Cir.1993) (affirming imposition of fine where district court noted defendant's inability to pay fine and imposed fine below guidelines range, and where presentence report indicated defendant's ability to make payments through Inmate Financial Assistance Program).
 
 
 4
 Although the district court did not mention each statutory factor by name in the present case, it is clear from the record before us that the court had those factors sufficiently in mind when it imposed a $2500 fine on Ferrell. The court noted Ferrell's "creative mind" and his consequent ability to earn an income in the future. The court also noted that Ferrell would have the opportunity to participate in an Inmate Financial Responsibility Program while incarcerated. Recognizing the fact that Ferrell presently has no assets, however, the court departed downward by several thousand dollars from the minimum fine specified in the federal sentencing guidelines[3] to arrive at a figure which it believed to be achievable, in light of Ferrell's obligations under the restitution order.
 
 
 5
 We find that the district court's discussion of these factors adequately reflects the factual findings required bySec. 3572(a) and our decision in Harvey, even though the court did not mention each statutory factor by name. Given the context in which these factual findings were made and the fact that Ferrell could have been subjected to substantially heavier fines under the applicable sentencing guidelines, we perceive no abuse of discretion in the district court's downward departure to the $2500 figure after making the necessary findings of fact.
 
 
 6
 We thus affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The Missouri indictment was transferred to West Virginia pursuant to Fed.R.Crim.P. 20
 
 
 [2]
 These consolidated appeals are from the identical sentencing order
 
 
 [3]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)