**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4480

THOMAS WILSON SLEDGE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-126)

Submitted: November 26, 1996

Decided: December 18, 1996

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, John Stuart Bruce, Dep-
uty Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Scott P. Mebane,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Thomas Sledge pled guilty to embezzling over $258,000 from the Greensboro National Bank.[1] The district court sentenced Sledge to eighteen months incarceration with five years supervised release and ordered Sledge to pay $25,000 in restitution. Sledge appeals the restitution order claiming that the $25,000 amount is not feasible in light of his current financial condition. Because Sledge failed to object during sentencing to the calculation of restitution, he waived appellate review absent plain error.[2]

Although Sledge at the time of sentencing had a negative net monthly cash flow, this does not necessarily indicate an inability to pay, particularly when his presentence report (PSR) reflected a steady employment history, above average earning capacity, and limited debt.[3] Because Sledge's PSR contained sufficient facts to support the imposition of restitution, we conclude that under the plain error standard, the district court did not err in calculating his restitution.

_____

[1] 18 U.S.C. § 656 (1994).

[2] FED. R. CRIM. P. 52(b); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995).

[3] **See United States v. Gresham**, 964 F.2d 1426, 1431 (4th Cir. 1992); see also United States v. Morrison, 938 F.2d 168, 172 (10th Cir. 1991) (restitution upheld against defendant with negative net monthly cash flow because of his business management experience and education); United States v. McClellan, 868 F.2d 210, 213 (7th Cir. 1989) (restitution exceeding defendant's current ability to pay upheld because of defendant's earning capacity and potential future increases in income).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3