**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

ADRIAN JAMES LASHUA,
　　　　　　　*Defendant-Appellant.*

No. 03-4612

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-03-21)

Submitted: January 28, 2004

Decided: April 7, 2004

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Adrian James Lashua pled guilty without a plea agreement to being a felon in possession of a firearm. He was sentenced to ninety-six months imprisonment and assessed a $4550 fine. He appeals the imposition of the fine, contending that the district court failed to make proper factual findings under 18 U.S.C. § 3572(a) (2000).

Section 3572(a) establishes factors to be considered by the district court when deciding whether to impose a fine. In determining the imposition and amount of a fine under § 3572(a), the district court "shall" consider, among other things, the income, financial resources, and earning capacity of the defendant. Although § 3572(a) does not require a sentencing court to make specific findings with regard to the listed factors, we have required lower courts to do so. *United States v. Bruchey*, 810 F.2d 456, 459 (4th Cir. 1987) (regarding restitution).* However, a district court may satisfy these requirements if it adopts a defendant's presentence report ("PSR") that contains adequate factual findings to allow effective appellate review of the fine or restitution. *See United States v. Gresham*, 964 F.2d 1426, 1430-31 (4th Cir. 1992) (affirming $80,200 fine when PSR indicated that defendant would be employable after release from prison).

Here, the district court did not make any specific factual findings and, instead, adopted the findings and calucations of the PSR. However, the PSR contained detailed information about Lashua's employment history, educational background, financial status, family relationships, and mental illness. In addition, it was Lashua's burden to prove that he was unable to pay a fine. *See United States v. Hyppolite*, 65 F.3d 1151, 1159 (4th Cir. 1995); *U.S. Sentencing Guidelines Manual* § 5E1.2(a) (2002) (fine is mandatory unless defendant establishes inability to pay). While Lashua argued that his mental illness prevented him from holding a steady job, he provided no supporting evidence.

---

*The analysis in fine and restitution cases is the same. *See United States v. Harvey*, 885 F.2d 181, 182-83 (4th Cir. 1989).

We find that the PSR's factual determinations and calculations adequately show that Lashua would be able to pay the fine if he obtains a minimum wage job. Since employment is a requirement of his supervised release, and since Lashua failed to produce any evidence supporting his contentions that he was unable to work, we find no error in the conclusion that Lashua could pay the fine imposed. Accordingly, we affirm the imposition of the fine. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*