
FILED

Mar 20 2012, 11:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
Cara Schaefer Wieneke
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Stephen R. Creason
Chief Counsel, Attorney General of Indiana
Indianapolis, Indiana

# In the
# Indiana Supreme Court

### No. 42S05-1107-CR-441

REBECCA D. KAYS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Knox Superior Court II, No. 42D02-0912-CM-1504
The Honorable Jim R. Osborne, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 42A05-1007-CR-504

**March 20, 2012**

**Rucker, Justice.**

In this case we address the propriety of a trial court's restitution order against a criminal defendant whose income is comprised entirely of social security disability benefits.

**Facts and Procedural History**

Rebecca Kays and her next-door neighbor, Cheryl Wolfe, had a dispute over their common property line in Knox County. After a surveyor had placed metal posts on the line to mark it, Wolfe placed PVC pipes over the posts to make them more visible. Kays removed the pipes and threw them in Wolfe's yard, striking Wolfe with one of the pipes. Wolfe sustained an injury to her leg for which she received stitches. The State charged Kays with Class B misdemeanor battery, and she was convicted at a bench trial. The trial court sentenced Kays to 180 days in jail, suspended to twelve months probation, and a fine of $10.00. The trial court further ordered as a term of probation that Kays pay restitution to Wolfe in the amount of $1,496.15 – which Kays agreed was the amount of Wolfe's hospital bill related to the injury. See Tr. at 125. Kays objected, however, to the amount of restitution on the grounds she lacked the ability to pay it. Kays testified at the sentencing hearing that her sole source of income was $674.00 per month in social security disability payments, and the ordered restitution "is well beyond what [Kays] could possibly ever pay." Tr. at 126. The trial court nonetheless ordered restitution of $1,496.15 and noted Kays could "stretch that out over a period of time," but left the details "to be dealt with between [Kays] and [the department of] probation over this probationary period." Tr. at 135-36.

Kays appealed, arguing that the trial court improperly ordered restitution as a term of probation, because the trial court failed to "inquir[e] into her ability to pay and set[ ] the manner and time frame within which she must pay." Br. of Appellant at 1. The Court of Appeals reversed, holding that the trial court improperly failed to inquire into Kays' ability to pay and improperly failed to establish the manner and time of Kays' payments. The Court of Appeals remanded the case to the trial court for a hearing regarding Kays' ability to pay and for a determination of the manner of payment of any restitution ordered. Kays v. State, 945 N.E.2d 806, 811 (Ind. Ct. App. 2011). The Court of Appeals ordered that on remand, the trial court must "ignore Kays' social security income" in its determination of her ability to pay restitution. Id. at 811. Neither party having raised this latter issue the Court of Appeals concluded *sua sponte* that

2

a restitution order is an "other legal process" pursuant to 42 U.S.C. § 407(a) which cannot be applied to social security benefits. See id. at 809-11. The State sought and we granted transfer, thereby vacating the Court of Appeals opinion. See Indiana Appellate Rule 58(A). We now reverse the trial court's decision and remand with instructions.

## Standard of Review

The trial court "enjoys wide latitude in fashioning the terms of a defendant's probation." Bailey v. State, 717 N.E.2d 1, 4 (Ind. 1999). We therefore set aside the terms of a probation order only where the trial court has abused its discretion. Id. An order of restitution lies within this discretion and will likewise be reversed only for abuse of discretion. See Jaramillo v. State, 803 N.E.2d 243, 250 (Ind. Ct. App. 2004), summarily aff'd in relevant part by 823 N.E.2d 1187, 1188 n.3 (Ind. 2005).

## Discussion

Indiana Code section 35-38-2-2.3 provides in pertinent part, "[w]hen restitution . . . is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." Ind. Code § 35-38-2-2.3(a)(5). The statute sets forth no particular procedure the trial court must follow in determining the defendant's ability to pay, but we have consistently recognized that some form of inquiry is required. See Pearson v. State, 883 N.E.2d 770, 771 (Ind. 2008) ("When a trial court orders restitution either as a condition of probation or as a condition of a suspended sentence, it is required to inquire into the defendant's ability to pay."). See also Champlain v. State, 717 N.E.2d 567, 570 (Ind. 1999) ("In order to impose restitution, the trial court must consider the defendant's ability to pay which includes such factors as the defendant's financial information, health, and employment history."); Savage v. State, 650 N.E.2d 1156, 1163 (Ind. Ct. App. 1995) (Sullivan, J., dissenting in part) (concluding the trial court properly inquired into a defendant's ability to pay restitution where the court heard the defendant's testimony and reviewed presentence materials which included the defendant's educational background, work history, health status, employment status, and financial information), adopted by 655 N.E.2d 1223, 1225 (Ind. 1995). An inquiry into the defendant's ability to pay is necessary "in order to

prevent indigent defendants from being imprisoned because of their inability to pay." Ladd v. State, 710 N.E.2d 188, 192 (Ind. Ct. App. 1999).

The State concedes the trial court's restitution order does not fix the manner of performance as required by statute. Br. of Appellee at 5. The State argues, however, that remand should be required only for this purpose, because the trial court sufficiently inquired into Kays' ability to pay. Br. of Appellee at 4. We disagree. Although there is no specific procedure for determining a defendant's ability to pay, the record here is at best ambiguous as to whether the trial court performed the necessary inquiry. It is clear that the trial court knew that Kays did not work and received social security disability benefits of $674.00 per month. It is also apparent from the trial court record that Kays had an ownership interest in the house she lived in. See Tr. at 68. However, the presentence investigation report includes no evidence of Kays' education, work history, health, assets, or other financial information – nor did the trial court make any inquiry in this regard. Our decisions envision at least a minimal inquiry into the defendant's ability to pay restitution, which is absent here. On this issue we agree with the Court of Appeals and remand this cause to the trial court for a determination of Kays' ability to pay restitution and a determination of her manner of payment.

We disagree, however, with our colleagues' conclusion that "restitution may not be based on social security income" and therefore the trial court must "ignore Kays' social security income" in determining her ability to pay. Kays, 945 N.E.2d at 811. In reaching this conclusion, the Court of Appeals interpreted the Social Security Act's "antiattachment" provision to prohibit the trial court taking into account the existence of Kay's social security income in considering her ability to pay restitution. The statute provides in relevant part:

> The right of any person to any future payment under this subchapter [Assignment of Social Security and Supplemental Security Benefits] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . . .

42 U.S.C. § 407(a).

4

There is scant case authority on the question of whether social security benefits "can be taken into account simply to determine an individual's ability to pay a fine or restitution," and the case law that exists "does not appear to yield a clearcut answer" to this question. United States v. Chorney, No. 11-1310, 2011 WL 6823200, at *3 (1st Cir. Dec. 29, 2011) (per curiam). Nonetheless, we are of the view that social security benefits may be considered by a trial court in determining a defendant's ability to pay restitution.

First, ignoring a defendant's social security income may paint a distorted picture of her ability to pay restitution. For example, a debt-free defendant who lives with a family member and receives room and board at no charge may very well have the ability to pay restitution even if her only income is from social security. This does not mean that the State could levy against that income to collect the restitution, but it does reflect an important part of the person's total financial picture that a trial court may consider in determining ability to pay.

Further, although not authoritative we find persuasive the decisions of other courts that have permitted consideration of income or other assets that cannot be levied against in assessing a defendant's overall ability to pay fines or restitution. The Seventh Circuit, for example, recognized that a trial court could take "prospective [social security] benefits into consideration in determining what [the defendant] reasonably could afford to pay in the way of monthly restitution payments." United States v. Lampien, 1 Fed. Appx. 528, 533 n.3 (7th Cir. 2001). And in examining pension benefits subject to an ERISA anti-alienation provision similar to that in the Social Security Act, the Fourth Circuit held that a court "cannot mechanically deprive [the defendant] of his pension benefits" but did not prohibit consideration of those benefits in "determin[ing] an appropriate amount of restitution." United States v. Smith, 47 F.3d 681, 684 (4th Cir. 1995). The United States District Court for the Western District of New York found that the federal statute prohibiting the "attachment, levy, or seizure by or under any legal or equitable process" of veteran's benefits did not prohibit the inclusion of those benefits in calculating a defendant's income for purposes of assessing the amount of defendant's required payment to the Federal Bureau of Prisons. Gleave v. Graham, 954 F. Supp. 599, 611 (W.D.N.Y. 1997) (quoting 38 U.S.C. § 5301(a)(1)).

In similar fashion federal courts have also held that a defendant's partial interest in his home is a "'financial resource' that the court may properly consider" in imposing a fine, even though the government could not necessarily "levy upon [the defendant's] concurrent interest in the residence or proceeds from its sale." United States v. Gresham, 964 F.2d 1426, 1430 (4th Cir. 1992); see also United States v. Lampien, No. 96-3337, 1997 WL 800850, at *2 (7th Cir. Dec. 31, 1997) ("[A]lthough the court lacks the power to *order* [the defendant] to rent her home, it still may consider the income that [the defendant] reasonably could earn through the rental of her home while incarcerated in deciding what payments she can presently make in restitution." (emphasis in original)). In concert with the reasoning of these opinions, we find nothing in 42 U.S.C. § 407(a) to prohibit a trial court from considering a defendant's social security income when determining the "amount the person can or will be able to pay" in restitution pursuant to Indiana Code section 35-38-2-2.3(a)(5).

## Conclusion

We remand this cause to the trial court for further proceedings consistent with this opinion.

Shepard, C.J., and Dickson, Sullivan and David, JJ., concur.