**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 31 2013, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAWANDA WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CR-713 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Steven Rubick, Commissioner
Cause No. 49F10-1111-CM-79131

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

LaWanda White was ordered to pay $875.82 in restitution after she told the trial court she has two children, is not working, and is supported by her sister's disability benefits. As the trial court did not adequately inquire into her ability to pay restitution, we vacate the restitution order and remand.[1]

## FACTS AND PROCEDURAL HISTORY

White agreed to plead guilty to Class A misdemeanor, operating a vehicle while intoxicated[2], and the trial court ordered her to pay $875.82 in restitution for expenses incurred in treating injuries to her arresting officer. At the guilty plea and sentencing hearing, White agreed to 363 days probation. After the court went through the details of the sentence and conditions of probation, White's counsel said "Your Honor on the Restitution, the Probation, there's a statute about Restitution ordered as a condition of probation that states that as a condition of probation, a defendant may be ordered to make restitution[.]" (Tr. at 15-16.) Counsel then noted "[w]hen restitution is a condition of probation" the amount of restitution may not exceed what the person will be able to pay. (*Id*. at 16.) Counsel asked the court "I was wondering if you could take some evidence on her ability to pay since this is a restitution ordered as a condition of her probation." (*Id*.) (emphasis added). The court replied "Certainly," (*id*.), and proceeded to do so.

---

[1] White also argues the restitution order is error because it does not identify the manner of payment or the timeframe during which she must pay. The State concedes that was an abuse of discretion and remand is warranted so the trial court may fix the manner of performance.

[2] Ind. Code § 9-30-5-2.

White testified she was not working, she had two children, she lived with her mother and sister, and her "basics" were paid by her sister's disability benefits. (*Id.* at 17.) She testified she had no other income and is not on disability herself. The trial court then found White was "able to pay the restitution and the fines and fees assessed" because she was "not under disability that prevents her from working." (*Id.*)

## DISCUSSION AND DECISION

An order of restitution is a matter within the trial court's discretion. *Sickels v. State*, 982 N.E.2d 1010, 1013 (Ind. 2013). Accordingly, we reverse only on a showing of abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

"When restitution . . . is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." Ind. Code § 35-38-2-2.3. The statute sets forth no particular procedure the trial court must follow in determining the defendant's ability to pay, but some form of inquiry is required. *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). The consideration of a defendant's ability to pay includes such factors as the defendant's financial information, health, and employment history. *Id.* The inquiry is necessary in order to prevent indigent defendants from being imprisoned because of their inability to pay. *Id.* at 510.

White's restitution order was an abuse of discretion, as the trial court's inquiry into her ability to pay was inadequate. In *Kays*, our Supreme Court remanded when the record was

3

at best ambiguous as to whether the trial court performed the necessary inquiry. It is clear that the trial court knew that Kays did not work and received social security disability benefits of $674.00 per month. It is also apparent from the trial court record that Kays had an ownership interest in the house she lived in. However, the presentence investigation report includes no evidence of Kays' education, work history, health, assets, or other financial information -- nor did the trial court make any inquiry in this regard. Our decisions envision at least a minimal inquiry into the defendant's ability to pay restitution, which is absent here.

*Id*.

The case before us is similar. As in *Kays*, the trial court knew White was not working. White, like Kays, was supported by disability benefits, but they were not her own – they were her sister's. Kays had her own income in the form of disability benefits of $674 per month and she had an ownership interest in the house where she lived. In the case before us, by contrast, there was no evidence White had any income of her own or had any interest in real estate. As in *Kays* there was no evidence of White's education, work history, health, assets, or other financial information. The restitution order appears to be premised solely on the trial court's determination White was not herself disabled. We agree with White that the restitution order must be vacated and the case remanded for "a meaningful inquiry into ability to pay." (Br. of Appellant at 4.)

The State notes White's "basics were already covered by her sister's disability income and her housing arrangements with her mother," and White was "capable of working." (Br. of Appellee at 7.) The State further speculates White could spread the payments "out over the fifty-two weeks of her probation" and need not complete her payment by the end of the probationary term. Therefore, the State asserts, the amount she was required to repay was

4

"reasonable." (*Id*.)

The question before us is the adequacy of the trial court's inquiry, and not whether the restitution amount was "reasonable." We therefore decline to affirm on that ground. The trial court did not conduct the "at least . . . minimal inquiry" required by *Kays*, 963 N.E.2d at 510, and we must therefore remand for further proceedings consistent with this opinion.

Remanded.

BAKER, J., and MATHIAS, J., concur.