**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 23 2013, 5:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Appellate Clinic
Indiana University Robert H. McKinney
School of Law
Indianapolis, Indiana

**ROSE SHINGLEDECKER**
Certified Legal Intern

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAMBERLEY JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1305-CR-231 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton Graham, Judge
Cause No. 49G17-1211-FD-80772

**December 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Shamberley Jones pled guilty to class A misdemeanor criminal mischief stemming from an incident in which she damaged the exterior of her ex-husband's vehicle with her keys. The trial court placed her on probation and ordered her to pay $900 in restitution. She now appeals, challenging both the sufficiency of the trial court's inquiry into her ability to pay and its calculation of restitution damages. Finding that the trial court conducted a sufficient inquiry concerning Jones's ability to pay, we affirm its decision to impose restitution. Finding that the calculation was speculative, we remand for a recalculation of restitution damages.

**Facts and Procedural History**

On October 16, 2012, Jones and her ex-husband Timothy Dunn had a fight at Dunn's home. When she was leaving, Jones used her car keys to scratch the driver's side of Dunn's vehicle. The State subsequently charged Jones with class D felony residential entry, class D felony theft, class A misdemeanor domestic battery, class A misdemeanor battery, and class A misdemeanor criminal mischief. Jones agreed to plead guilty to class A misdemeanor criminal mischief and pay restitution for the damage to Dunn's vehicle in exchange for the State dismissing the remaining charges and placing her on probation.[1]

The trial court conducted two restitution hearings. Dunn did not appear at either hearing. The trial court inquired regarding Jones's physical and mental health and work

---

[1] Jones's probation was to be non-reporting probation, with termination of probation upon payment of the court-ordered restitution.

capabilities. Jones also testified regarding her employment as a certified nursing assistant ("CNA"), her wages and sources of income, childcare expenses, educational status, and student loans. The State introduced eight photographs of Dunn's vehicle as well as a repair estimate from a body shop for $1337.10. The photographs showed the key marks and scratches as well as some pre-existing damage. The estimate was broken down into body labor, paint labor, clearcoat labor, and supplies to repair each of the doors, the fender, and the hood. It did not specify the sums attributable to the key scratches and those attributable to pre-existing damage. Noting that Jones should not be held responsible for prior damage to the vehicle, the trial court examined the photos and estimate together and arrived at a restitution amount of $1104. Jones objected, and the trial court further reduced the amount to $900. Jones now appeals the trial court's decision to order restitution as well as the amount of the restitution order. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Ability to Pay

Jones contends that the trial court abused its discretion by failing to make an adequate inquiry into her ability to pay restitution. An order of restitution is within the trial court's discretion, and we will reverse only if the trial court abuses that discretion. *Edsall v. State*, 983 N.E.2d 200, 208 (Ind. Ct. App. 2013). A trial court abuses its discretion if its decision is clearly against the logic and effects of the facts and circumstances before it or if it misinterprets or misapplies the law. *Gil v. State*, 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013).

3

As a condition of probation, the trial court may require a person to

> Make restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When restitution or reparation is a condition of probation, the court shall fix the amount, *which may not exceed an amount the person can or will be able to pay*, and shall fix the manner of performance.

Ind. Code § 35-38-2-2.3(a)(6) (emphasis added). The statute does not outline any particular procedure for determining a probationer's ability to pay restitution, but Indiana courts have consistently held that some form of inquiry is required. *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). This inquiry generally includes such factors as the probationer's "financial information, health, and employment history" and is necessary "in order to prevent indigent defendants from being imprisoned because of their inability to pay." *Id.* (citations omitted).

Here, Jones testified that she is employed as a CNA and makes $10.46 per hour ($540 per two-week pay period). She works part-time, about twenty-four hours per week, because she is taking classes to earn her bachelor's degree and because she wants to avoid additional childcare expenses for her three children. The children receive monthly social security death benefits totaling $790. Jones also receives student loans, which she uses for "living expenses and for books and tuition." Tr. at 43. Additionally, the trial court questioned Jones concerning her physical and mental health, focusing specifically on whether she had any infirmities that would prevent her from working more hours if needed. The trial court reminded her that in exchange for the State's agreement to dismiss four of the five charges against her, she had agreed to plead guilty to class A misdemeanor criminal mischief and to pay restitution to her victim. In ordering restitution, the court reasoned,

4

> Ms. Jones does not suffer from any physical disability or mental disability that would prevent her from paying nine hundred dollars ($900). That will be ordered over the course of probation. If she has to work extra hours to do it, she will work extra hours to do it. But the Court expects Ms. Jones to pay. She's on probation for a year. She can pay ninety dollars ($90) a month, but she will pay it.

*Id*. at 47.

In sum, the record reveals that the trial court conducted a sufficient inquiry into Jones's ability to pay. In other words, Jones's counsel elicited testimony concerning her finances and employment, and the trial court elicited testimony concerning her mental and physical health. Subject to our resolution below concerning the amount of restitution ordered, we find no abuse of discretion in the trial court's determination that Jones had the ability to incrementally pay restitution during the term of her probation.

## II. Calculation of Restitution

Jones also challenges the amount of restitution ordered by the trial court. When calculating the amount of restitution, the trial court shall consider the "property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)." Ind. Code § 35-50-5-3(a)(1). A restitution order must be supported by sufficient evidence of the crime victim's actual loss. *Gil*, 988 N.E.2d at 1235. "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (citation and internal quotation marks omitted), *trans. denied*. Where the evidence is insufficient to support the actual amount of the victim's loss, remand is appropriate. *Iltzsch v. State*, 981 N.E.2d 55, 56-57 (Ind. 2013).

Here, the evidence concerning Dunn's actual loss consisted of a body shop repair estimate. While the estimate delineated the damages to the various portions of the vehicle, i.e., rear door, front door, front fender, wheel well, and hood, it did not specify the dollar amounts attributable to the key scratches. The trial court and both parties acknowledged that there was pre-existing damage to the vehicle. The eight photographs depict where the key scratch damage was located, but they do not offer insight into the portion of the total estimate that the body shop attributed to labor and supplies necessary to repair the specific damage caused by Jones. Neither a body shop representative nor Dunn was present to elucidate.

Instead, the trial court and counsel attempted to decipher the entries in the estimate pertaining to labor hours, eyeballing the photos and then ballparking the amount attributable to the key scratches. When the trial court first announced its conclusion that $1104 of the $1337 was attributable to the key scratches, Jones objected. At that point, the State suggested reducing the amount by "another two—three hundred dollars ($200-300)." Tr. at 39. Without any further examination of the exhibits, the trial court simply reduced the restitution award to $900. When defense counsel indicated disagreement, the trial court responded, "You do not agree, of course, you're not going to agree to anything." *Id*. As Jones correctly asserts, by that point the process had "devolved into a negotiation" instead of a thoughtful, evidence-based determination. Appellant's Br. at 8.

In short, the amount of the restitution order is improperly based on speculation. Accordingly, we remand for a new hearing to determine the proper amount of restitution to be ordered. In all other respects, we affirm.

Affirmed and remanded.

BAKER, J., and NAJAM, J., concur.