## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 16 2015, 7:57 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Suzy St. John<br>Marion County Public Defender<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Tyler G. Banks<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

Jeremey Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 16, 2015

Court of Appeals Case No.
49A05-1502-CR-58

Appeal from the Marion Superior Court

The Honorable Allan Reid, Commissioner

Trial Court Cause No.
49F10-1404-CM-17368

**Bailey, Judge.**

# Case Summary

[1] Jeremey Smith ("Smith") appeals a restitution order entered following his convictions of Battery, as a Class A misdemeanor,[1] and Criminal Mischief, as a Class B misdemeanor.[2] Smith presents the sole issue of whether the order was entered without statutory compliance. We reverse and remand the restitution order.

# Facts and Procedural History

[2] On March 21, 2014, Rickey Jolly ("Jolly") approached his vehicle in a WalMart parking lot and was confronted by his brother-in-law, Smith, regarding Jolly's alleged mistreatment of Smith's sister. Smith punched Jolly in the face and threw down Jolly's cell phone, breaking the screen.

[3] Smith was arrested, charged with Battery and Criminal Mischief, and convicted of those charges at the conclusion of a bench trial. He received an aggregate sentence of one year, with 363 days suspended to probation. Smith was also ordered, as a condition of probation, to pay Jolly $150.00 for the cell phone replacement plan deductible. Smith was found to be indigent for purposes of fines and court costs. This appeal ensued.

---

[1] Ind. Code § 35-42-2-1.

[2] I.C. § 35-43-1-2.

# Discussion and Decision

[4] Indiana Code Section 35-38-2-2.3(a)(6) provides that the court may require, as a condition of probation, that a person make restitution to the victim of the crime. The court must "fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." *Id.* The statute does not set forth a particular procedure the trial court must follow in determining the defendant's ability to pay, but "some form of inquiry is required." *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). Ability to pay includes such factors as the defendant's financial information, health, and employment history. *Id.* The purpose of this requirement is to prevent indigent defendants from being imprisoned because of their inability to pay. *Id.*

[5] The State concedes that the trial court's restitution order in this case does not fix the manner of performance. However, the State contends that remand should be solely to fix payment terms because the trial court was sufficiently apprised of Smith's financial condition when defense counsel argued that probation was too restrictive because Smith had five children and was employed part-time. The State also argues: "a $150 restitution judgment is insubstantial, relative to the judgments seen in the case law." (Appellee's Br. At 5.) We are not persuaded that $150 is "insubstantial" or insignificant to an indigent defendant. Moreover, we are not free to disregard the requirement that the trial court make a specific inquiry into the defendant's ability to pay. We remand to the trial court for a determination of Smith's ability to pay restitution and a determination of the manner of performance.

Reversed and remanded.

Baker, J., and Mathias, J., concur.