## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 10 2015, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Tia R. Brewer<br>Marion, Indiana | Gregory F. Zoeller<br>Indianapolis, Indiana |
| | George P. Sherman<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Artie Pence,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 10, 2015<br><br>Court of Appeals Case No.<br>27A05-1410-CR-488<br><br>Appeal from the Grant Superior Court<br><br>The Honorable Warren Haas, Judge<br><br>Trial Court Cause No.<br>27D03-1312-FB-88 |

**Altice, Judge.**

## Case Summary

[1]    Artie Pence pleaded guilty to five counts of securities fraud involving multiple victims. In addition to a twenty-eight-year sentence, most of which was

suspended to probation, the trial court ordered restitution in the total amount of $162,100. The trial court ordered Pence, as a condition of his probation, to pay one-half of his net monthly income toward restitution and to sell his residence and pay any net proceeds toward restitution. On appeal, Pence challenges only the order to sell his primary residence. Pence, however, directs us to no relevant authority in support of this issue and provides little if any cogent argument.

We affirm.

## Facts & Procedural History

On December 18, 2013, the State charged Pence with fifteen counts (fourteen as class C felonies and one as a class B felony) related to securities fraud, broker-dealer registration violations, and securities registration violations. On July 22, 2014, Pence entered into a plea agreement in which he pleaded guilty to four class C felonies and one class B felony. Pursuant to the agreement, the State dismissed the remaining charges. Sentencing was left to the discretion of the trial court, as well as the amount and manner of restitution.

Following a sentencing hearing, the trial court imposed an aggregate term of three years executed and twenty-five years suspended to supervised probation. With respect to restitution, the court ordered Pence to pay restitution to the victims in the total amount of $162,100, an amount agreed to by Pence. While on probation, the court ordered him to pay restitution on a monthly basis in the

amount of one-half of his net monthly income.[1]  Additionally, the court ordered Pence to "sell his home in a commercially reasonable manner and apply any net proceeds to pay toward his restitution obligation." *Appellant's Appendix* at *29*.  Pence appeals the portion of the order directing him to sell his primary residence.

### Discussion & Decision

The trial court enjoys wide latitude in crafting the terms of a defendant's probation.  *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). Accordingly, we will set aside the terms of a probation order only where the trial court has abused its discretion.  *Id.*  "An order of restitution lies within this discretion and will likewise be reversed only for abuse of discretion."  *Id*.

On appeal, Pence initially directs us to *Kays*, but he does not explain how this case is applicable.  It is not.  In *Kays*, the Supreme Court held that "social security benefits may be considered by a trial court in determining a defendant's ability to pay restitution" because even though the State could not levy against that income, "it does reflect an important part of the person's total financial picture".  *Id*. at 510-11.  Unlike in *Kays*, the issue in the instant case has nothing

---

[1] The court explained:  "'net monthly income', as used in this context means the Defendant's gross income, from any source, minus reasonable tax withholding, minus his probation fees, minus any amounts that he is required to pay to his former wife".  *Appellant's Appendix* at 29.

to do with Pence's ability to pay. Rather, Pence is challenging the manner of performance fixed by the trial court.

[7]     The Court noted in *Kays* that "although not authoritative we find persuasive the decisions of other courts that have permitted consideration of income or other assets that cannot be levied against in assessing a defendant's overall ability to pay fines or restitution." *Id*. at 511. In addition to other contexts, the Court observed:

> In similar fashion federal courts have also held that a defendant's partial interest in his home is a "'financial resource' that the court may properly consider" in imposing a fine, even though the government could not necessarily "levy upon [the defendant's] concurrent interest in the residence or proceeds from its sale." *United States v. Gresham,* 964 F.2d 1426, 1430 (4th Cir.1992); *see also United States v. Lampien,* No. 96–3337, 1997 WL 800850, at *2 (7th Cir. Dec. 31, 1997) ("[A]lthough the court lacks the power to *order* [the defendant] to rent her home, it still may consider the income that [the defendant] reasonably could earn through the rental of her home while incarcerated in deciding what payments she can presently make in restitution." (emphasis in original)).

*Id.* With no further analysis,[2] Pence provides this excerpt from *Kays* to support his claim that the trial court could not order him to sell his home.

---

[2] Ind. Appellate Rule 46(A)(8)(a) requires an appellant's argument to "contain the contentions of the appellant on the issues presented, supported by cogent reasoning." Where an appellant fails to abide by this rule, we will not abdicate our role as an impartial tribunal and become an advocate for him. *See Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004) (while appellant cited some authority, he "wholly fail[ed] to explain in what way, if at all, the referenced authority affect[ed] or relate[d] to the present case").

[8] A review of *Gresham* and *Lampien*, however, reveals that they offer no support for Pence's claim. In *Gresham*, the appellant claimed that the district court erred in considering appellant's partial interest in his home, which he owned with his wife as tenants by the entirety. The Fourth Circuit observed that *under Maryland law*, no individual creditor, including the government, could levy upon his concurrent interest in the home absent dissolution of the estate by the entirety. Regardless, the court held that it was proper to consider his interest in the home as a financial resource relevant to the determination of his criminal fine. *Gresham,* 964 F.2d at 1430. This case sheds no light on the issue at hand.

[9] In *Lampien*, the Seventh Circuit interpreted, in an unpublished opinion, the federal Victim and Witness Protection Act (the VWPA) and concluded that the "limited terms of the VWPA…compel[led]" the court to reverse a restitution order directing the appellant to rent out her home while in prison. *Lampien,* 1997 WL 800850, at *2. The court, however, determined that the reasonable rental value could be considered in ascertaining the appellant's ability to make monthly payments toward her restitution obligation. Again, this case is inapposite to the instant case.

[10] Next, Pence asserts that the restitution order requiring the sale of his residence violates Article 1, Section 30 of the Indiana Constitution, which provides: "No conviction shall work corruption of blood, or forfeiture of estate." He provides no meaningful argument or citation to case law. Accordingly, his argument is waived. *See $100 v. State*, 822 N.E.2d 1001, 1013 (Ind. Ct. App. 2005), *trans. denied*.

Pence asserts only that "there can be no doubt that [this constitutional provision] was directly designed to prevent EXACTLY what the trial court has ordered in the present case." *Appellant's Brief* at 4-5. Without addressing in detail the merits of this waived issue, we direct Pence to *$100 v. State*, 822 N.E.2d at 1016 (observing that Article 1, Section 30 prohibits only the *automatic forfeiture to the State* of property upon conviction) and *Ballard v. Bd. of Trustees of the Police Pension Fund of the City of Evansville*, 324 N.E.2d 813, 817 (Ind. 1975) ("the term 'estate' ordinarily means the whole of the property owned" by the defendant and not one "fungible thing").

In sum, we conclude that Pence has wholly failed to establish error.

Judgment affirmed.

Riley, J., and Brown, J., concur.