

FILED

Sep 29 2016, 2:44 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-1609-CR-00511

CYNTHIA BELL,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion County Superior Court, No. 49G08-1408-CM-039656
The Honorable Amy M. Jones, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1504-CR-000234

**September 29, 2016**

**David, Justice.**

Indiana Code § 35-38-2-2.3(a)(6) allows a trial court to order a defendant to pay restitution to a victim as a condition of probation, but the defendant's ability to pay must be considered before the order to pay restitution is entered. In the present case, we find that the trial court abused its discretion because the evidence before the court was insufficient to conclude defendant had the ability to pay. As such, the ordered restitution is vacated.

**Facts and Procedural History**

On August 4, 2014, Cynthia Bell arrived at the home of Kalencia Kirkland at 4:30 a.m. and began banging on the windows and doors of Kirkland's apartment. When Kirkland looked out of the window of her home, she saw Bell beating and banging on her rental car, a 2013 Chevrolet Malibu. Kirkland called the police, but Bell left before they arrived. However, Bell quickly returned and continued to cause damage to Kirkland's property. Bell threw a brick through a window of Kirkland's residence and damaged Kirkland's 2007 Kia Sportage, which Kirkland owned. Kirkland called the police two more times to report Bell's actions.

Bell was subsequently charged with Class B misdemeanor criminal mischief.[1] The case proceeded to a bench trial, and Bell was found guilty as charged. Bell was sentenced to 180 days, with 178 days suspended. After sentencing, the trial court held a separate hearing to determine the amount of restitution Bell owed. At the hearing, Kirkland testified about the costs that she incurred from repairing the damage done to her two vehicles and estimates for the repairs were admitted into evidence.

Bell then testified as to her ability to pay. Bell explained that she had not worked in over twenty years and supports herself on monthly disability checks (SSI). Her monthly checks are $730.00. She uses that money to pay her rent, light bill, phone bill, dog expenses, food, and her own expenses. She has no money left over at the end of the month, and she also relies on food pantries. Bell has no money in the bank and no other assets. Neither the State nor the trial court asked Bell any further questions about her financial situation. The Court ultimately concluded that Bell owed $932.30 in restitution and had the ability to pay in weekly installments of $20.00 or monthly installments of approximately $80.00. The payment of restitution was ordered as a condition of Bell's probation.

Bell appealed the ordered restitution, arguing that it exceeds what she can or will be able to pay, which is the standard set out in Indiana Code § 35-38-2-2.3(a)(6). Bell argued that she

---

[1] Ind. Code § 35-43-1-2(a).

2

presented evidence that she had no extra money at the end of each month, and the State did not rebut this evidence. (Id.) Thus, Bell argued the ordered restitution was an abuse of discretion.

A majority of the Court of Appeals affirmed the trial court, concluding that, based upon the record, it was not an abuse of discretion to determine that Bell could pay $20.00 per week or $80.00 per month in restitution. Bell v. State, No. 49A02-1504-CR-000234 (Ind. Ct. App. February 2, 2016). Judge Crone dissented with a separate opinion asserting that nothing in the trial court record demonstrated that Bell, an indigent defendant, had the ability to pay $20.00 per week in restitution, specifically noting that the State failed to develop the record as to Bell's actual expenses. Id., Slip Op. at *9. Judge Crone favored reversing the trial court's restitution order. Id.

This Court now grants transfer, thereby vacating the opinion of the Court of Appeals. Ind. Appellate Rule 58(A).

## Standard of Review

A trial court's determinations in setting probation are set aside only where the trial court has abused its discretion. Kays v. State, 963 N.E.2d 507, 509 (Ind. 2012). "An order of restitution lies within this discretion and will likewise be reversed only for abuse of discretion." Id.

## Discussion

Before addressing whether the trial court abused its discretion in ordering restitution, we note as a threshold matter that Bell has not waived her ability to challenge the restitution order due to her failure to object to the order at the time it was entered. "[A]n order of restitution is as much a part of a criminal sentence as a fine or other penalty." Miller v. State, 502 N.E.2d 92, 95 (Ind. 1986). "[T]his Court and the Court of Appeals review many claims of sentencing error (improper consideration of an aggravating circumstance, failure to consider a proper mitigating circumstance, inaccurate weighing of aggravating and mitigating circumstances, etc.) without insisting that the claim first be presented to the trial judge." Kincaid v. State, 837 N.E.2d 1008, 1010 (Ind. 2005). Although there have been cases in which appeals on restitution were waived due to the failure to make an objection at trial, "the vast weight of the recent case law in this state indicates that appellate courts will review a trial court's restitution order even when the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the

appellate courts to bring illegal sentences into compliance." <u>Rich v. State</u>, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008) (internal quotations and citations omitted). Thus, we choose to address the merits of Bell's argument that the trial court abused its discretion by setting an order of restitution for an indigent defendant as a condition of probation.[2]

After review of our restitution statute, precedent, and the record in this case, we conclude that the trial court was permitted to order restitution as a condition of probation, despite Bell having been found indigent for other purposes. However, the record does not reflect that Bell was actually able to pay restitution. Because an order of restitution as a condition of probation requires the trial court to determine that the defendant can or will be able to pay, we hold that the trial court abused its discretion.

**The Trial Court Abused Its Discretion by Failing to Consider
Defendant's Actual Ability to Pay.**

Under Indiana Code § 35-38-2-2.3(a)(6),

> As a condition of probation, the court may require a person to . . . [m]ake restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

Bell argues that in some circumstances, a defendant who has been found indigent for other purposes should also be found indigent as to their ability to pay restitution. Bell asserts that she demonstrated that she has no disposable income left at the end of each month and this was not rebutted with any evidence demonstrating she had resources that could be reallocated in order to pay for restitution. Thus, it was an abuse of discretion under the restitution statute to order Bell to pay any amount of restitution as a condition of probation.

We agree with Bell that when setting restitution as a condition of probation, our trial courts are required to consider the defendant's ability to pay. Our own precedent has clearly established "when the trial court enters an order of restitution as part of a condition of probation, the court is required to inquire into the defendant's ability to pay. This is so in order to prevent indigent

---

[2] The parties do not dispute the trial court's calculation of the total amount of restitution that is owed.

defendants from being imprisoned because of a probation violation based on a defendant's failure to pay restitution." Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008). When restitution is ordered as part of an executed sentence, no inquiry into the ability to pay is required because restitution is merely a money judgment, and a defendant cannot be imprisoned for non-payment. Id. at 773.

However, we do not agree that a blanket rule, excluding certain indigent defendants from ever being ordered to pay restitution as a condition of probation, is advisable or even permissible under our current statutory scheme. Rather, Ind. Code § 35-38-2-2.3(a)(6), clearly provides that if the ability to pay is considered, restitution can be ordered as a condition of probation. We will not require any more or less.[3] We acknowledge that "[t]he statute sets forth no particular procedure the trial court must follow in determining the defendant's ability to pay, but we have consistently recognized that some form of inquiry is required." Kays v. State, 963 N.E.2d at 509; See also, Sales v. State, 464 N.E.2d 1336, 1340 (Ind. Ct. App. 1984) (explaining that the restitution statute "clearly requires that the trial court *ascertain* defendant's ability to pay.") (emphasis added). The trial court may consider factors such "as the defendant's financial information, health, and employment history." Champlain v. State, 717 N.E.2d 567, 570 (Ind. 1999). In addition, "social security benefits may be considered by a trial court in determining a defendant's ability to pay restitution. . . . This does not mean that the State could levy against that income to collect the restitution, but it does reflect an important part of the person's total financial picture that a trial court may consider in determining ability to pay." Kays, at 510-511.

As the statute does not specify the extent to which the court must inquire into defendant's financial status, we seek to provide additional clarity regarding the trial court's duty and the burdens of the parties. First, we reiterate that the restitution statute requires *the trial court* to engage in some inquiry of the defendant to determine his or her ability to pay restitution. Smith v. State, 471 N.E.2d 1245, 1249 (Ind. Ct. App. 1984) (providing "*the trial court must inquire* into the defendant's ability to pay before fixing the amount and payment terms of restitution") (emphasis added). See also, Miller, 502 N.E.2d at 95-96; Sales, 464 N.E.2d at 1340; and Laker v. State, 869 N.E.2d 1216, 1220-21 (Ind. Ct. App. 2007). Thus, where neither the defendant nor the

---

[3] However, when a defendant's ability to pay restitution is being considered, factors that led the court to find a defendant indigent will likely also be relevant to the court's assessment of the defendant's ability to pay.

State has provided any information or testimony regarding the defendant's ability to pay, the trial court must make the necessary inquiry to meet its statutory obligation. As noted above, this can include, among other things, information regarding "the defendant's financial information, health, and employment history." Champlain, 717 N.E.2d at 570.

Next, as for the defendant's burden, if the defendant is asserting an inability to pay restitution, the defendant must provide evidence regarding his or her inability to pay in addition to answering questions or providing information that is specifically requested by the trial court. This is demonstrated in Judge v. State, 659 N.E.2d 608 (Ind. Ct. App. 1995). In Judge, defense counsel informed the trial court that some of his clients were indigent and thus, would not be able to pay restitution. Id. at 613. The trial court requested that those defendants submit financial records, pay stubs, and any other relevant information to assist the court in making individual determinations as to the ability to pay. Id. Throughout sentencing, the trial court continued to request this information, but none was provided. Id. On appeal, these defendants challenged their restitution orders, arguing that the trial court "failed to fulfill its duty to inquire into their individual ability to pay restitution." Id. However, because the trial court made "repeated attempts . . . to garner financial information from the individuals seeking to establish their indigency," and the defendants did not comply, they were barred from claiming that the trial court failed to consider their ability to pay. Id. Thus, whether it is upon the request of the trial court itself or upon the defendant's own volition, in order to later challenge a trial court's ordered restitution based on a claimed inability to pay, the defendant has a burden to present some testimony or other evidence in support of his or her claimed inability to pay. A bald claim of indigency, without more, is insufficient to preserve this issue for appeal.

Finally, once a defendant presents or the court elicits from defendant information demonstrating an inability to pay, the burden properly shifts to the State to rebut the evidence of defendant's inability to pay. Pursuant to Indiana Code § 35-38-2-2.3(a)(6), without any evidence that the defendant can or will be able to pay, a restitution order cannot stand.

In order to assess whether the trial court abused its discretion in the present case, we must look at the information available in the record regarding Bell's ability to pay. Bell provided the following testimony at the restitution hearing:

6

PUBLIC DEFENDER: Miss Bell are you currently working?
DEFENDANT: No.

              \*       \*       \*       \*

PUBLIC DEFENDER: And when was the last time your [sic] worked?
DEFENDANT: Over twenty years.
PUBLIC DEFENDER: So how are you supporting yourself?
DEFENDANT: I get disability . . . SSI.
PUBLIC DEFENDER: And when do you get those checks?
DEFENDANT: On the 1st.
PUBLIC DEFENDER: The first of the month?
DEFENDANT: Yes.
PUBLIC DEFENDER: And how much are those checks for?
DEFENDANT: $730.00.
PUBLIC DEFENDER: And what do you use that $730.00 to pay for?
DEFENDANT: I pay my rent. I pay my light bill. I pay the phone bill. I pay for my dog's expenses, my expense and eating expense and I'm done.
PUBLIC DEFENDER: Now after you pay all those things how much money is left over?
DEFENDANT: I have none.
PUBLIC DEFENDER: Are you using food pantries for food right now?
DEFENDANT: Yes I am.
PUBLIC DEFENDER: And how much money do you have in the bank?
DEFENDANT: I don't have anything in the bank.
PUBLIC DEFENDER: Do you have money anywhere else?
DEFENDANT: No.
PUBLIC DEFENDER: Would it be safe to say you're living paycheck to paycheck right now?
DEFENDANT: Yes I am.
PUBLIC DEFENDER: And you don't anticipate your financial situation changing in the future?
DEFENDANT: I have no idea. I don't know (inaudible). I don't know. So far it hasn't.
PUBLIC DEFENDER: And you don't have any . . . you don't have a car?
DEFENDANT: No.
PUBLIC DEFENDER: You don't have any assets?
DEFENDANT: No.
PUBLIC DEFENDER: And any sort of money you'd have to pay would be a real financial hardship for you?
DEFENDANT: Yeah very much.

(Tr. at 76-77.) This evidence seems to clearly indicate Bell's inability to pay restitution, and the trial court made no further inquiry. The State also declined the opportunity to ask any questions on cross-examination or present other evidence demonstrating that Bell did have an ability to make restitution payments.

7

Without any information that would indicate Bell had the ability to pay, the court went on to assess the actual amount of restitution Kirkland was owed, based upon the estimates she provided at the hearing. Once the total amount of restitution was determined to be $932.30, defense counsel reiterated that Kays requires the trial court to consider the defendant's ability to pay when ordering restitution. The court responded:

> I'm aware of the statute as well as the case law. I'm not finding her indigent as to this. I do believe that although she has a limited income, when you break it you buy it and I believe she broke it and when you break it you buy it and I recognize that that's going to make life hard for a while but that's life.

(Tr. at 82.) The court also stated that Bell had already received free legal counsel and waiver of appellate fees. Because Bell makes $730.00 a month, which covers her "monthly expenses [her] own spending money and other spending money," the court concluded that Bell has money to "spend on things other than lights and [her] house," therefore, she would be able to "live a little bit thinner" to make restitution payments. (Tr. at 83.) The court determined that Bell was able to make restitution payments in the amount of $20.00 per week, which would allow Bell to pay the full amount of restitution within a year. The court explained that Bell could "pay eighty dollars over the month or [she could] pay twenty dollars a week because if [you] take $952 dollars- . . . [a]nd divide it by . . . twelve, that's $79.36 per month. That's twenty dollars a week." (Tr. at 84.) Then the court again stated, "I think you can do twenty dollars a week." (Id.)

Bell testified that she lives on her disability payments and has not worked in over twenty years. She further testified that she has no savings or assets and that she relies on food pantries for food. The trial court never explained how it reached the determination that Bell would have the ability to pay $20.00 per week. The only justification supplied seems to have been based upon the court's conclusion that paying the entire amount of restitution within a year was fair. Therefore, the court took the total amount of restitution owed and divided by twelve to come up with the monthly payment amount. This methodology does not take into consideration Bell's actual ability to pay.

In fact, nothing in the record indicates that Bell could afford restitution in addition to her current expenses, or that Bell could reduce or reallocate her current expenses. The record was never developed on those points. Bell presented evidence supporting her claimed inability to pay, and neither the State nor the trial court asked any further questions of her to demonstrate otherwise. As such, we conclude that the trial court abused its discretion because it ordered restitution where there was no evidence in the record that Bell was actually able to pay any restitution at all.

In this rare circumstance, where the defendant has presented evidence demonstrating an inability to pay, the trial court has made no further inquiry, and the State has not rebutted the defendant's testimony as to the inability to pay, we believe the most appropriate remedy is to vacate the restitution order. While we are sympathetic to the victim of Bell's offense, the trial court failed to engage in its statutorily required duty to determine that Bell could or would be able to pay, and Bell provided sufficient and unrebutted testimony that she did not have any additional income each month in order to make the ordered restitution payments. This situation is distinguishable from a scenario in which the trial court fails to make any inquiry, and the defendant has also failed to provide any additional evidence as to the inability to pay. In that situation, where there is no record upon which to determine whether the defendant had an inability to pay, remand for a new restitution order is still an appropriate remedy.

**Conclusion**

Under Ind. Code § 35-38-2-2.3(a)(6), a trial court may order restitution as a condition of probation, even if the defendant has been found indigent for other purposes. However, the trial court must fully assess a defendant's actual ability to pay when ordering restitution. Because the trial court heard testimony as to Bell's inability to pay, did not make further inquiry, and heard no rebutting evidence as to Bell's ability to pay, the restitution order was an abuse of discretion. As such, we vacate the trial court's order for restitution.

Rush, C.J. and Rucker, J., concur.

Slaughter, J., concurs in part, dissents in part with separate opinion in which Massa, J., joins.

9

**Slaughter, J., concurring in part, dissenting in part.**

I agree with the Court that the temporary trial judge abused his discretion in ordering Bell to pay $20 per week in restitution. The judge was obliged to ensure his restitution order was supported by record evidence that Bell could afford the payments he decreed. Yet he failed to do so. The restitution order cannot stand and must be vacated. According to the Court, that ends the matter. On this point, I respectfully dissent. In my view, we should remand to allow the trial court to enter a fully lawful sentence for Bell.

We do not know what sentence the trial court would have imposed had it concluded Bell could not afford restitution. Perhaps the result would have been the same—that the court still would have imposed the same probation, including the suspended sentence, no matter what. Or perhaps not. I would remand to allow the trial court to answer that question for us.

Massa, J., joins.