## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2016, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Hilary Bowe Ricks
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| L.P.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | December 30, 2016<br><br>Court of Appeals Case No.<br>49A04-1606-JV-1472<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Marilyn A. Moores, Judge<br><br>The Honorable Scott Stowers, Magistrate<br><br>Trial Court Cause No.<br>49D09-1603-JD-462 |

**Najam, Judge.**

# Statement of the Case

[1] L.P. appeals the juvenile court's order that he pay restitution after L.P. admitted to having committed criminal mischief and criminal trespass, Class A misdemeanors if committed by an adult.[1] L.P. raises a single issue for our review, namely, whether the juvenile court erred when it ordered him to pay $796 in restitution. We affirm.

# Facts and Procedural History

[2] On March 18, 2016, L.P. and an associate broke into a vehicle owned by Bradley Bishop and took numerous articles of clothing of substantial value out of the vehicle. The damage to the vehicle and the value of the clothing collectively was about $1,600. Three days later, the State alleged L.P. to be a delinquent, and, thereafter, L.P. admitted to criminal mischief and criminal trespass, Class A misdemeanors if committed by an adult. L.P.'s admission agreement provided for argument to be heard by the juvenile court on an appropriate amount of restitution to the victim.

[3] On June 15, the juvenile court held a dispositional hearing. At that hearing, L.P.'s attorney informed the court that, "as far as the restitution goes, . . . the only issue is [L.P.'s] ability to pay." Tr. at 56. L.P.'s attorney then argued that

---

[1] L.P. appeals only the court's order that he pay restitution in lower cause number 49D09-1603-JD-462. Although the juvenile court entered a dispositional order against L.P. in both that cause number and cause number 49D09-1605-JD-708 on the same day, L.P. presents no issue on appeal under cause number 49D09-1605-JD-708.

L.P. had no ability to pay restitution. The court then engaged L.P. directly in the following colloquy:

> THE COURT: So if the Court ordered you to pay a bunch of restitution, how would you pay it?
>
> [L.P.]: . . . I'm seventeen. I don't think it'd be that hard for me to find a job.
>
> THE COURT: Where?
>
> [L.P.]: I mean, anywhere, there's hiring.
>
> THE COURT: Who's hiring?
>
> [L.P.]: . . . any Taco Bell, any fast food restaurant. Meijer's . . . I heard the Mayor was giving out a thousand jobs to help out in parks or something like that.
>
> THE COURT: . . . what makes you think you're go[ing] to get one of those jobs?
>
> [L.P.]: . . . I got a responsibility, which is paying the money I half owe, so . . . I mean, either way, I'm seventeen. I feel like I should be working already.
>
> THE COURT: I agree with that. . . . [Y]ou're right, . . . the city is supposed to be announcing some sort of . . . program for . . . young people to try and work during the summer. I don't know how you go about doing that. All right. Court proceed[s] to disposition . . . . Under [this cause number] . . . we'll order restitution in the amount of [$]796 . . . .

*Id.* at 56-58. This appeal ensued.

# Discussion and Decision

[4] L.P. asserts on appeal that the juvenile court erred when it ordered him to pay restitution. An order of restitution lies within the trial court's discretion and will be reversed on appeal only for an abuse of discretion. *Bell v. State*, 59 N.E.3d 959, 961 (Ind. 2016). Where, as here, a trial court sets restitution as a condition of probation, "our trial courts are required to consider the defendant's ability to pay." *Id.* at 963; *see also A.H. v. State*, 10 N.E.3d 37, 40 (Ind. Ct. App. 2014) ("When a juvenile court orders restitution as part of a juvenile's probation, it must inquire into the juvenile's ability to pay the restitution."), *trans. denied*. An abuse of discretion occurs if the trial court's judgment is clearly against the logic and effects of the facts and circumstances before it. *E.g.*, *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016).

[5] Here, L.P. argues that the juvenile court abused its discretion when it ordered him to pay restitution because, according to L.P., he "did not have the present ability to pay . . . and was not likely to have the ability to pay . . . in the foreseeable future." Appellant's Br. at 11. In support of his argument, he relies on *T.H. v. State*, in which we reversed the juvenile court's order on restitution for the following reasons:

> In this case, the evidence is undisputed. At the time of the dispositional hearing, T.H. was fifteen years old, did not have a work permit, did not have a job, did not have a bank account, did not have any money in savings, owned no property, and did not have anything else in his name. He has numerous disabilities, and his monthly SSI disability benefit is used by his mother to support T.H. and his six siblings. Although T.H. testified that he

would "try to" get a job when he reached the age of sixteen, tr. p. 18, it is undisputed that at the time of the dispositional hearing, he was unemployed. There is no evidence in the record whatsoever that remotely tends to establish that T.H. is able to pay restitution in any amount, much less an aggregate amount of $1,500. On this record, we find that the juvenile court abused its discretion by ordering T.H. to pay restitution as a condition of probation.

33 N.E.3d 374, 376 (Ind. Ct. App. 2015).

[6] We conclude that the facts of *T.H.* are not analogous to L.P.'s circumstances. Unlike in *T.H.*, L.P. is seventeen; he is not disabled; and, at the time of the dispositional hearing, he was aware of specific employment opportunities that were available to him. Further, the restitution order here is nearly half the amount ordered in *T.H.* We cannot say that the juvenile court's order on restitution here was clearly against the logic and effect of the facts and circumstances before it.

[7] L.P. also asserts that the juvenile court's restitution order violates Article 1, Section 18 of the Indiana Constitution, which provides that our penal code shall be founded on the principles of reformation and not vindictive justice. According to L.P., "[s]etting [him] up to fail by requiring him to pay more than realistically possible does more to discourage rehabilitation than contribute" to it. Appellant's Br. at 12. But, as we conclude that the juvenile court's restitution is not unreasonable in light of the facts before the court, we cannot agree that the court's order is contrary to Article 1, Section 18. Accordingly, we affirm the juvenile court's judgment.

Affirmed.

Bailey, J., and May, J., concur.