FILED

Jan 17 2017, 5:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew R. Elliot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

S.S.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 17, 2017

Court of Appeals Case No.
49A05-1605-JV-1070

Appeal from the Marion Superior
Court

The Honorable Marilyn A.
Moores, Judge;
The Honorable Geoffrey Gaither,
Magistrate

Trial Court Cause No.
49D09-1601-JD-150

**May, Judge.**

S.S. appeals the trial court's order requiring him to pay restitution. S.S. presents two issues for our review, one of which we find dispositive - whether the juvenile court abused its discretion when it ordered him to pay restitution after it determined he did not have the ability to pay restitution. We reverse.

# Facts and Procedural History

On February 2, 2016, the State filed a delinquency petition alleging S.S. committed acts that, if committed by an adult, would be Level 3 felony burglary and Level 3 felony robbery resulting in bodily injury, based on his taking a cell phone from M.H. On March 22, S.S. entered into an admission agreement with the State, agreeing to adjudication for an act that would be Class A misdemeanor theft,[1] which is a lesser included offense of Level 3 felony burglary. The State moved to dismiss the Level 3 felony robbery allegation, and the juvenile court granted that motion. As part of the admission agreement, S.S. agreed to make "[r]estitution for the LG4 Cell Phone, documentation and valuation to be determined [sic] disposition or restitution hearing." (App. at 48.)

On April 19, 2016, the juvenile court held a dispositional hearing. The juvenile court accepted the admission agreement and discussed restitution. After

---

[1] This admission agreement also included S.S.'s admission to an act that, if committed by an adult, would be Class A misdemeanor possession of marijuana. This act was alleged in a delinquency petition under another cause number. The record before us does not indicate whether S.S. appeals that adjudication separately, but he does not raise herein any issues related to that admission.

hearing argument of the parties, the Court attempted to set the issue of restitution for hearing in thirty days, to which S.S. objected. The juvenile court then ordered S.S. to pay $200.00 in restitution "to at least cover some loss of the phone according to the contract." (Tr. at 13.) The parties and the juvenile court discussed the possibility of S.S.'s participation in a "restitution work program that allows for anybody that has to pay restitution, they can do community service work at five dollars an hour." (*Id.*) However, the juvenile court noted, "that program is coming to an end." (*Id.*) The juvenile court further stated the $200.00 "may not be the total amount of compensation because it is kind of unknown what that is at this time. . . . but it is at least that." (*Id.*)

[4] Regarding payment of the restitution, the trial court told S.S.'s mother, "if there is some sort of delay on your part on behalf of [S.S.'s] part, you run the risk of not being able to participate in the [restitution work] program which means [S.S.] will be on the hook, in parenthesis, 'you' for the restitution." (*Id.* at 14.) The juvenile court then allowed S.S. to make "a brief record as to restitution," (*id.*), and presented testimony S.S. was fifteen years old, lived with his mother, did not have a job, did not have a bank or savings account, and did not own property. S.S. then asked the juvenile court to "make a finding of inability to pay." (*Id.* at 15.)

[5] The juvenile court entered its dispositional order the same day. It ordered S.S. to: "1. Complete 40 hours of restitution work program . . . 4. Pay to the Clerk

$200.00 restitution to be withdrawn by [A.H.[2]]." (App. at 14) (footnote added). The juvenile court also noted: "[S.S.'s counsel] requests that the youth be found indigent as he does not have [t]he ability to pay restitution. Court notes same. Court authorizes the release of youth's documents to the victim for civil litigation." (*Id*. at 15.)

# Discussion and Decision

[6] Pursuant to Indiana Code Section 31-37-19-5(b)(4), a juvenile court may order a child to pay restitution if the victim provides reasonable evidence of loss, which evidence the child may challenge at the dispositional hearing.

> The restitution order is within the court's discretion, and this court will reverse only upon a showing of an abuse of discretion. An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011) (internal citations omitted). It is well-established "equal protection and fundamental fairness concerns require that a juvenile court must inquire into a juvenile's ability to pay before the court can order restitution as a condition of probation*." M.L. v. State*, 838 N.E.2d 525, 527 (Ind. Ct. App. 2005), *reh'g denied*, *trans. denied*.

---

[2] A.H. is M.H.'s sibling and the owner of the phone S.S. stole.

Here, S.S. made a record regarding his ability to pay wherein he testified he was fifteen years old, did not have a job, did not have a bank account or savings, and lived with his mother. The juvenile court stated in its dispositional order, "[S.S.'s counsel] requests that the youth be found indigent as he does not have [t]he ability to pay restitution. Court notes same. Court authorizes the release of youth's documents to the victim for civil litigation." (App. at 15.) As the juvenile court noted S.S. was not able to pay restitution, and S.S. presented evidence of his indigency, the juvenile court abused its discretion in ordering him to pay restitution. *See Bell v. State*, 59 N.E.3d 959, 966 (Ind. 2016) (vacating trial court's restitution order because Bell presented "sufficient and unrebutted testimony" of her inability to pay).[3]

# Conclusion

The juvenile court abused its discretion when it ordered S.S. to pay restitution after it found S.S. did not have the ability to pay restitution. We accordingly vacate the portion of the dispositional order dealing with the payment of restitution.

Reversed.

---

[3] As an aside, we note the juvenile court's comment during the dispositional hearing regarding mother's responsibility for the payment of S.S.'s restitution. (*See* Tr. at 14) (trial court, addressing S.S.'s mother, states, "if there is some sort of delay on your part on behalf of [S.S.'s] part, you run the risk of not being able to participate in the [restitution work] program which means [S.S.] will be on the hook, in parenthesis, 'you' for the restitution"). This comment was not correct as a matter of law. *See M.L.*, 838 N.E.2d at 530 n.10 (parents are not liable for payment of child's restitution obligation).

Najam, J., and Bailey, J., concur.