## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 25 2018, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle R. Collins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 25, 2018

Court of Appeals Case No.
18A-CR-99

Appeal from the LaGrange
Superior Court.
The Honorable Lisa M. Bowen-
Slaven, Judge.
Trial Court Cause No.
44D01-1502-F5-4

**Friedlander, Senior Judge**

[1]     Kyle R. Collins was placed on probation after he pled guilty to and was convicted of Level 6 felony receiving stolen auto parts. Collins was required to pay restitution to his victim as a condition of his probation. On appeal, Collins challenges the trial court's restitution order, arguing both that the evidence is insufficient to sustain the order and that the trial court erred by failing to make an inquiry into his ability to pay. We affirm in part, reverse in part, and remand to the trial court for further proceedings.

[2]     On September 14, 2014, Collins broke into a salvage yard and stole a 1995 Ford Ranger that the vehicle's owner had taken to the facility for repairs. Collins rammed the truck through the locked front gate of the facility and drove it to his home where he bragged that he had stolen it from the salvage yard. Collins subsequently attempted to disguise the truck's appearance before ultimately setting it on fire and destroying it completely.

[3]     On February 26, 2015, the State charged Collins with Level 5 felony burglary, Level 6 felony auto theft, Level 6 felony arson, and Level 6 felony criminal mischief. Collins subsequently agreed to plead guilty to an amended charge of Level 6 felony receiving stolen auto parts. In exchange, the State agreed to dismiss the remaining charges. The parties' agreement also provided for the payment of restitution.

[4]     On January 25, 2017, the trial court accepted the parties' plea agreement and sentenced Collins to a term of two and one-half years with six months suspended to probation. The trial court also issued a probation order which,

among other things, indicated that Collins was to pay restitution and provided the manner in which restitution was to be paid. The probation order further indicated that the amount of restitution would be determined by the trial court at a later date.

The trial court conducted a restitution hearing on November 16, 2017. During this hearing, Ann Fleck, the Victim's Advocate for the LaGrange County Prosecutor's Office, testified that the victim requested restitution in the amount of $3000. In support of this request, the victim indicated that he had paid $1500 for the truck and had made over $1600 in improvements to it.[1] Fleck, however, also testified that her immediate predecessor had conducted research relating to the value of the truck. This research revealed that the Kelley Blue Book[2] value of the truck was $1320. On December 12, 2017, the trial court ordered Collins to pay restitution in the amount of $1320.

## 1. Order to Pay Restitution

In sentencing a criminal defendant, a trial court may order the defendant to "[m]ake restitution … to the victim of the crime for damage … that was sustained by the victim." Ind. Code § 35-38-2-2.3(a)(6) (2013). "An order of restitution is as much a part of a criminal sentence as a fine or other penalty."

---

[1] These improvements included new rims and tires; a stereo, amplifier, and speakers; a cab for the truck bed; and a new windshield.

[2] The Kelley Blue Book has been used since 1926 as a resource used to find the value of a vehicle. *See* www.kbb.com (last visited June 12, 2018).

*Bell v. State*, 59 N.E.3d 959, 962 (Ind. 2016) (internal quotation and brackets omitted). The imposition of restitution falls "within the trial court's discretion, and we will reverse only on a showing of abuse of discretion." *Garcia v. State*, 47 N.E.3d 1249, 1252 (Ind. Ct. App. 2015), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id*.

[7] "A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime." *Id*. "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *Id*. (internal quotation omitted). We do not require mathematical certainty, rather only that the "the amount must be supported by the evidence in the record." *See Cty. Contractors, Inc. v. A Westside Storage of Indpls., Inc.*, 4 N.E.3d 677, 694 (Ind. Ct. App. 2014). We will affirm the trial court's decision regarding the amount of restitution to be paid if there is any evidence supporting the decision. *Smith v. State*, 990 N.E.2d 517 (Ind. Ct. App. 2013), *trans. denied*.

[8] We have previously concluded that evidence indicating the Kelley Blue Book value of a vehicle is sufficient to prove the vehicle's value. *See Jasinski v. Brown*, 3 N.E.3d 976 (Ind. Ct. App. 2013) (finding that evidence that the Kelley Blue Book value of the vehicle was sufficient to sustain an award of damages). In this case, an employee of the LaGrange County Prosecutor's Office researched the value of the truck in question and found that its Kelley Blue Book value was $1320. The trial court, acting as the trier-of-fact found this valuation to be

credible and we will not disrupt this finding on appeal. *See Smith*, 990 N.E.2d 517.

## 2.  Hearing on Ability to Pay

[9] The probation order expressly stated that Collins was to pay restitution, the amount of which would be determined by the trial court at a later date.  The explicit mention of restitution in the probation order leaves one with the firm impression that the payment of restitution was a condition of Collins's probation.  The State concedes that a trial court must inquire about a defendant's ability to pay before requiring the payment of restitution as a condition of probation.[3]  *See generally, Pearson v. State*, 883 N.E.2d 770 (Ind. 2008) (providing that "when restitution is ordered as a condition of probation, the court is required to inquire into the defendant's ability to pay").  It is undisputed that in this case the trial court did not do so.  As such, we reverse and remand to the trial court with instructions to inquire into Collins's ability to pay.

[10] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

Baker, J., and Barnes, Sr. J., concur.

---

[3]  The State correctly asserts that when restitution is entered as a civil judgment, "no inquiry into the ability to pay is required because … a defendant cannot be imprisoned for non-payment." *Bell*, 59 N.E.3d at 963.