## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2018, 6:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jennifer Lynn Hand,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 5, 2018

Court of Appeals Case No.
18A-CR-890

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd

Trial Court Cause No.
27D01-1706-F6-293

**May, Judge.**

[1] Jennifer Lynn Hand appeals her conviction for Level 6 felony theft.[1] She also appeals the trial court's order of restitution as the court did not inquire into her ability to pay. We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

[2] Hand worked as an assistant manager at the Circle K store located on Bradford Street in Marion, Indiana ("Store #2203"). She was a "trusted employee." (Tr. Vol. II at 88.) However, Hand had been experiencing problems in her family and had requested time off to travel to see them out of state.

[3] Ericka Kroft was the manager at Store #2203. Robert Haynes was the market manager over that store and seventeen others. On May 16, 2017, Haynes was notified by the corporate office that no deposit had been made for Store #2203 for May 11, 2017. Store #2203 used Star Financial ("Star") as its bank.

[4] Haynes informed Kroft the company had been unable to locate the deposit for Store #2203. Kroft investigated.[2] Because Kroft had been scheduled to work on May 11, Kroft assumed she had taken the deposit to the bank. However,

---

[1] Ind. Code § 35-43-4-2 (2017).

[2] Circle K had procedures in place whereby either the manager or one of the two assistant managers must take the daily deposit to the bank. This person was to go straight to the bank from the store. If it was a weekday, the deposit was to be made inside the bank with the "first available teller." (Tr. Vol. II at 75.) The bank teller would keep the white copy of the deposit slip and return the pink and yellow copies, together with the deposit receipt. The person making the deposit was to return the documentation to the store immediately or at the beginning of that person's next shift at the store. On weekends, the person was allowed to use the bank's dropbox and the documentation would be retrieved during Monday's deposit.

she could not locate the deposit receipt from the bank or the pink and yellow copies of the deposit slip, which the store retains. Kroft contacted Star to request the bank review its documentation for a deposit and its security footage to see if she had been there that day. Star was unable to find any documentation of a deposit for Store #2203 that day. Nor did Star's security footage show Kroft at the bank that day. Kroft thought she had requested Star to see if Hand had been in the bank that day; however, she was not "one hundred percent [sure]" she had. (*Id*. at 114.) Nonetheless, Star personnel "knew what [Hand] looked like." (*Id*. at 115.)

[5] Hand and Kroft both worked on May 11, 2017. Both were authorized to make deposits for Store #2203. Kroft remembered asking Hand to take the deposit to the bank and Hand complying. However, Kroft was unable to locate any of the deposit documentation. Haynes came to the store but was also unable to find the deposit documentation. Kroft and Haynes reviewed Store #2203's security footage. That footage showed Kroft dealing with a customer complaining of credit card fraud, Hand leaving the store with the deposit, and Kroft leaving the store without the deposit.

[6] On May 25, 2017, Marion Police Department Officer Cody Weigle was called to Store #2203 to take a report of theft from Haynes and Kroft. The State filed a charge of Level 6 felony theft against Hand. On February 26, 2018, the trial court held a jury trial. The jury found Hand guilty.

On March 14, 2018, the trial court sentenced Hand to two years, with six months suspended to probation. As a condition of her probation, Hand was ordered to pay restitution "to Circle K in the amount of $2,876.84." (Appealed Order at 2.) After sentencing Hand to one and one-half years executed and six months on "formal supervised probation[,]" (Tr. Vol. II at 176), the trial court ordered Hand to pay the restitution as a condition of her probation "in equal monthly installments until such time as the restitution is paid in full." (*Id.*)

# Discussion and Decision

## *Sufficiency of Evidence*

When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

[9] To prove Hand committed Level 6 felony theft, the State had to present evidence Hand "knowingly or intentionally exert[ed] unauthorized control over the property of at least $750.00 . . . with the intent to deprive Circle K of any part of the use or value of the property[.]" (App. Vol. II at 18); *see also* Ind. Code § 35-43-4-2 (elements of theft). "[I]ntent is a mental function and without a confession, it must be determined from a consideration of the conduct, and the natural consequences of the conduct." *Duren v. State*, 720 N.E.2d 1198, 1202 (Ind. Ct. App. 1999), *trans. denied*. Accordingly, intent often must be proven by circumstantial evidence. *Id.* The trier of fact is entitled to infer intent from the surrounding circumstances. *White v. State*, 772 N.E.2d 408, 412 (Ind. 2002).

[10] The State presented evidence that: 1) Hand was given the deposit; 2) Hand left Store #2203 with the deposit; 3) Star did not have documentation of a deposit from Store #2203 that day; 4) the documentation Store #2203 keeps after a successful deposit was missing; and 5) Hand had family crises during this timeframe that resulted in travel expenses.

[11] Hand contends the State's evidence was purely circumstantial and, therefore, insufficient to prove Hand committed theft. Although no one saw Hand steal the money, it was reasonable for the jury to infer she did because, together with the security footage indicating Hand left the store with the deposit, neither the bank nor the store had record of the deposit being made. *See Bonds v. State*, 721 N.E.2d 1238, 1242 (Ind. 1999) ("circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to

find the defendant guilty beyond a reasonable doubt"). Hand's request for us to consider alternative theories for why the deposit was missing are an invitation for us to reweigh the evidence, which we cannot do. *See McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005) (appellate court does not reweigh evidence or judge the credibility of witnesses).

### *Restitution*

[12] "Generally, an order of restitution is within the trial court's discretion, and it will be reversed only upon a finding of an abuse of that discretion. An abuse of discretion occurs when the trial court misinterprets or misapplies the law." *Green v. State*, 811 N.E.2d 874, 877 (Ind. Ct. App. 2004). A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. A trial court may order restitution as a condition of probation; however, as a defendant can be imprisoned for failing to meet the conditions of probation, the trial court is required to inquire into the defendant's ability to pay that restitution. *Bell v. State*, 59 N.E.3d 959, 963 (Ind. 2016).

[13] Hand argues the trial court abused its discretion because it did not inquire as to her ability to pay restitution. The State agrees. If a trial court fails to make such an inquiry and a defendant fails to provide sufficient evidence of her inability to pay, the appropriate remedy is to remand for a new restitution order. *Id*. at 966.

Here, the trial court ordered restitution of $2,876.84 and ordered it be paid during her probation, *i.e.*, in six months; however, the court did not inquire as to Hand's ability to pay restitution or to pay it at that rate. Hand also did not have an opportunity to present any evidence of her inability to pay restitution. Hand is entitled to such an inquiry. *See M.L. v. State*, 838 N.E.2d 525, 530 (Ind. Ct. App. 2005) (defendant is entitled to a hearing on his or her ability to pay restitution), *reh'g denied, trans. denied*. As the trial court's order for restitution constitutes an abuse of discretion because it did not make an inquiry into Hand's ability to pay restitution, we reverse the restitution order and remand to the trial court with instructions to inquire into Hand's ability to pay an order of restitution. *See Bell*, 59 N.E.3d at 966 (proper remedy for failure to inquire into defendant's ability to pay is to reverse and remand for a new order following an inquiry as to ability to pay).

# Conclusion

Although circumstantial, the State presented sufficient evidence Hand committed theft. The trial court abused its discretion when it entered a restitution order as a condition of her probation without inquiring into Hand's ability to pay. Accordingly, we affirm in part, reverse in part, and remand with instructions.

Affirmed in part, reversed in part, and remanded.

Baker, J., and Robb, J., concur.