## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2020, 10:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mekeisha Diamond Roberts, *Appellant-Defendant*, | February 17, 2020 |
| | Court of Appeals Case No. 19A-CR-2369 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Steven P. Meyer, Judge |
| | Trial Court Cause No. 79D02-1905-F5-80 |

**Brown, Judge.**

[1] Mekeisha Diamond Roberts appeals her aggregate sentence of twelve years with three years suspended to supervised probation and the trial court's order of restitution. Roberts was convicted of causing death when operating a vehicle while intoxicated and causing serious bodily injury when operating a vehicle while intoxicated as level 5 felonies and driving while suspended and operating a motor vehicle without ever receiving a license with a prior as class A misdemeanors. We affirm.

### Facts and Procedural History

[2] On May 12, 2019, Roberts, who was pregnant, her fiancé Michael Creamer, and Tatiana Jones went to a bar and consumed alcohol. After leaving the bar in the early morning,[1] Roberts took the car keys from Creamer because she "felt like [she] was less drunk than everybody else." Transcript Volume II at 18. Roberts had never received a driver's license and was intoxicated, drove the vehicle, and crashed the vehicle.[2] Law enforcement responded to the scene and, upon arrival, noticed the rear end of the vehicle was severely smashed, a light pole had been struck, and electrical equipment had fallen on the ground. Creamer was taken by ambulance to the hospital and was later pronounced

---

[1] A police report indicates officers responded at approximately 2:45 a.m.

[2] At sentencing, Roberts testified "[t]here was an altercation between [Creamer] and [Jones] in the car. I fell asleep and lost control of the car or the wheel and it hit a curb and it spun out" and "I don't know which way it was drifting, but it was drifting off and I panicked and turned the wheel the wrong way and hit a curb." Transcript Volume II at 19. According to a police report, Roberts told an officer at the scene that she thought a vehicle had rear-ended her and she lost control of the vehicle, but indicated that she never saw another vehicle. Jones also reported to police that Roberts and Creamer were arguing, Roberts was purposely swerving on the roadway, and she did not believe their vehicle was ever hit by another vehicle.

deead.  Jones suffered multiple fractures including in her neck, tailbone, and sacrum and underwent surgeries.  According to Jones, the pain was "[a]lmost unbearable, like excruciating" and was "10" on "a scale of 1 to 10."  *Id*. at 43.  She was hospitalized for two weeks, was in a nursing home facility for at least one month, and participated in physical therapy.  The range of motion in her neck was determined to be reduced to thirty-five or forty percent.

[3]  The State charged Roberts, as amended, with: Count I, causing death when operating a vehicle while intoxicated as a level 5 felony; Count II, causing death when operating a vehicle with an ACE of .08 or more as a level 5 felony; Count III, causing serious bodily injury when operating a vehicle while intoxicated as a level 5 felony; Count IV, causing serious bodily injury when operating a motor vehicle with an ACE of .08 or more as a level 6 felony; Count V, driving while suspended as a class A misdemeanor; Count VI, operating a motor vehicle without ever receiving a license as a class C misdemeanor; Count VII, operating a motor vehicle without ever receiving a license with a prior as a class A misdemeanor; and Count VIII, involuntary manslaughter as a level 5 felony.

[4]  Roberts pled guilty to all counts.  At sentencing, Jones denied arguing with Creamer in the car.  Roberts apologized to Jones and Creamer's family for her actions and the pain she caused them.  The State submitted requests for restitution in the amounts of $283,712.24 for Jones and $4,767.25 for Creamer.  The court found the aggravating circumstances included Roberts's criminal history; the repetitive nature of her driving without a license offenses; the harm, injury, or loss suffered by Jones was more than what was necessary to prove the

elements of the offenses; the victims placed their trust in Roberts to drive them; the overall nature and circumstances of the offenses as Roberts was pregnant and intoxicated at the time of the commission of the offenses; Roberts's prior petitions to revoke probation filed against her with one having been found true and one currently pending; and Roberts was on probation at the time of the offense. The court found the mitigating circumstances included Roberts's guilty plea on all charges without the benefit of a plea agreement which was diminished because she was not completely honest about what happened leading up to the offenses; a long term of incarceration would cause an undue hardship on her dependents and unborn child which was diminished by the fact her poor decisions left her children with only one parent; she participated in rehabilitative programs while incarcerated; she expressed sincere remorse; and she suffers from post-traumatic stress disorder which is diminished by the fact she was suffering from the illness prior to the commission of the offenses and failed to seek proper treatment.

[5] The court found the aggravating factors outweighed the mitigating factors, sentenced Roberts to six years each on Counts I and III and to 365 days each on Counts V and VII, vacated the other counts, and ordered that the sentences under Counts I and III be served consecutive to each other and the sentences under Counts V and VII be served concurrently with Count I, for an aggregate sentence of twelve years. The court ordered that three years of the sentence be suspended to supervised probation. The State submitted information that the Indiana Criminal Justice Institute had approved disbursement of $5,000 from

the Violent Crime Compensation Fund for funeral and burial expenses. The court ordered Roberts to pay $283,712.34 in restitution attributable to Jones and $5,000 in restitution attributable to Creamer.

## *Discussion*

### I.

[6] Roberts first claims that her aggregate sentence is inappropriate and requests that her sentence be reduced to five years each on Counts I and III to be served consecutively for a total sentence of ten years with three years suspended to supervised probation. She asserts her criminal history of one prior felony and three prior misdemeanors do not support the maximum consecutive sentences in this case. In maintaining Roberts's sentence is not inappropriate, the State argues she was on probation at the time of the offenses and chose to drive despite being intoxicated and never being issued a license. It argues that, as a result of her actions, Creamer died and Jones was seriously injured. It asserts Roberts has a criminal history including two misdemeanors for operating a vehicle without ever receiving a license and a misdemeanor for public intoxication and that, given her repetitive criminal conduct, failures to appear, and violations of probation, she poses a high risk to reoffend. It also points to her known alcohol abuse and failure to seek treatment.

[7] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character

of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Our review of the nature of the offense reveals that, after drinking and becoming intoxicated at a bar, Roberts took the car keys from Creamer and drove with him and Jones as passengers. Ultimately, Roberts crashed the vehicle, resulting in the death of Creamer and multiple severe injuries to Jones resulting in pain, permanent reduction in her range of motion, and significant medical costs.

[9] Our review of Roberts's character reveals that she pled guilty to all counts. The presentence investigation report ("PSI"), completed on September 4, 2019, indicates that Roberts was born in July 1991 and that she reported she was thirty-six weeks pregnant. The PSI indicates Roberts was arrested for retail theft in 2009 but the "case was Stricken Off with Leave to Reinstate" and was convicted of two counts of operating a motor vehicle without ever receiving a license as class C misdemeanors, one in 2015 and the other in 2016, corrupt business influence as a level 5 felony in 2017, for which she received a sentence of four years with 2.5 years executed at a level to be determined by community corrections and 1.5 years suspended to supervised probation and was ordered to pay restitution of $3,195.73, and public intoxication as a class B misdemeanor in 2017. Appellant's Appendix Volume II at 64. The PSI indicates Roberts failed to appear on several occasions, has had two petitions to revoke and a petition to execute community corrections sentence filed against her, and was

on probation at the time she committed the offenses in this case. It states Roberts reported that she was diagnosed with post-traumatic stress disorder in 2017 and anxiety and depression in 2019.

[10]   With respect to substance abuse, the PSI states that Roberts reported first consuming alcohol at age seventeen and consumed "One (1) fifth per day" between the ages of seventeen and twenty-one and "[Half] to one (1) gallon per day"[3] between the ages of twenty-one and twenty-seven. *Id*. at 69. She also reported first using drugs at age seventeen and last using in 2016 and consumed marijuana four to five times per day between the ages of seventeen and twenty-one and six to seven times per day between the ages of twenty-one and twenty-five. The PSI states Roberts admitted going to work under the influence of alcohol. It further provides that Roberts's overall risk assessment score using the Indiana Risk Assessment System places her in the high risk to reoffend category. The probation officer who prepared the PSI recommended a total sentence of twelve years with two years suspended to supervised probation.

[11]   After due consideration, we conclude that Roberts has not sustained her burden of establishing that her aggregate sentence is inappropriate in light of the nature of the offenses and her character.[4]

---

[3] Brackets found in quoted text.

[4] To the extent Roberts argues the court abused its discretion in finding certain aggravating circumstances or in sentencing her, we need not address this issue because we find that her sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing

[12] Roberts next claims the trial court erred in ordering restitution for medical expenses and requests remand for consideration of her ability to pay restitution. The State argues that Roberts agreed to the imposition of restitution and the amount and that restitution was ordered as a part of her sentence and not as a condition of probation.

[13] We review a trial court's order of restitution for an abuse of discretion. *Bell v. State*, 59 N.E.3d 959, 962 (Ind. 2016). When a trial court enters an order of restitution as part of a condition of probation, the court is required to inquire into the defendant's ability to pay; this is so in order to prevent indigent defendants from being imprisoned because of a probation violation based on a defendant's failure to pay restitution. *Id.* at 963 (citing *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008), *reh'g denied*). However, when restitution is ordered as part of an executed sentence, no inquiry into the ability to pay is required because restitution is merely a money judgment, and a defendant cannot be imprisoned for non-payment. *Id.* (citing *Pearson*, 883 N.E.2d at 773).

[14] Roberts does not dispute the amounts of restitution ordered by the court. *See* Transcript Volume II at 64 (Roberts's counsel stated in part "I don't believe

---

*Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*.

[Roberts is] contesting any of the amount that is addressed in the restitution memo for all the medical bills"). Rather, she asserts the court should have considered whether she had the ability to pay. The record establishes that the trial court entered the order of restitution as a part of its sentencing order. While the restitution amounts are included in the probation order, a notation states the restitution is a civil judgment. The court verbally stated at sentencing "I'm going to enter a judgment on those matters for restitution." *Id.* at 90. Moreover, the court's written sentencing order provides "IT IS FURTHER ORDERED AND ADJUDGED that [Roberts] pay restitution in this matter as follows and judgment is so entered . . . ." Appellant's Appendix Volume II at 17. The court did not abuse its discretion in ordering Roberts to pay restitution as a part of her sentence.

[15] For the foregoing reasons, we affirm Roberts's aggregate sentence and the trial court's order of restitution as a part of her sentence.

[16] Affirmed.

Baker, J., and Riley, J., concur.